UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL A. WESCOTT,<br>　　　　Plaintiff,<br>　v.<br>CHARLES DUNN, et al.,<br>　　　　Defendants. | Case No. 22-cv-04651-DMR<br><br>**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION** |

Self-represented Plaintiff Carl A. Wescott filed a complaint and an application to proceed *in forma pauperis* ("IFP"). [Docket Nos. 1 and 2.] The complaint alleges claims related to Plaintiff's work on an oceanfront property in Mexico. Plaintiff asserts claims for breach of contract, promissory fraud, breach of fiduciary duty, and misappropriation of trade secrets against Defendants Charles Dunn, Christopher Mercer, and Meridian Development Group, LLC.

Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). A federal court may exercise either federal question jurisdiction or diversity jurisdiction.

Federal question jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States. "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Here, Plaintiff's complaint exclusively alleges claims that arise under state law.

A district court has diversity jurisdiction where the parties are diverse and "the matter in

controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332. Parties are diverse only when the parties are "citizens of different states." *Id*. A corporation is considered a citizen of both the state in which it is incorporated and the state where it has its principal place of business. *Id.*

In this case, it is not clear that all parties are diverse. A natural person's state of citizenship is determined by the state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id*. However, "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* (internal citation omitted). Plaintiff alleges that he "resides" in Arizona, while Dunn is "living" in California, Mercer is "living" in Mexico, and Meridian Development Group is a Nevada company. Compl. ¶¶ 1-4. Because citizenship is determined by domicile, not residence or current living situation, the allegations with respect to Plaintiff, Dunn, and Mercer are insufficient to establish diversity jurisdiction.[1]

As it is not clear that the court has jurisdiction over this action, by no later than November 30, 2022 Plaintiff shall explain in writing why this case should not be dismissed for lack of federal subject matter jurisdiction. If Plaintiff fails to respond by that date or his response fails to establish a basis for federal subject matter jurisdiction, the court may prepare a report and

---

[1] Plaintiff also alleges that Defendants agreed to a forum selection clause, which states:

> "This agreement and any dispute or claim arising out of or in connection with it or its subject matter or formation . . . shall be governed by and construed in accordance with the law of the United States with a jurisdiction in Northern California. The parties irrevocably agree that the court of the United States (and specifically, California) shall have exclusive jurisdiction to settle any dispute or claim that arises out of or in connection with this agreement or its subject matter or formation."

Compl. ¶ 7 (emphasis removed). When subject matter jurisdiction does not exist independently, no action of the parties can confer subject matter jurisdiction upon a federal court. *Portrait Displays, Inc. v. Speece*, No. C-04-1501 RMW, 2005 WL 8179794, at *5 (N.D. Cal. Oct. 4, 2005) (quoting *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)). Accordingly, Plaintiff cannot rely on a forum selection clause to create federal subject matter jurisdiction in this case.

recommendation recommending dismissal of the case.

**IT IS SO ORDERED.**

Dated: November 16, 2022

_____
Donna M. Ryu
United States Magistrate Judge