1

2

3

4

5

6                 UNITED STATES DISTRICT COURT

7

8               NORTHERN DISTRICT OF CALIFORNIA

9

10   CARL A. WESCOTT,

11          Plaintiff,              No.  C 22-04651 WHA

12      v.

13   CHARLES DUNN, CHRISTOPHER      **ORDER DISMISSING ACTION FOR**
     MERCER, and MERIDIAN           **LACK OF PROSECUTION**

14   DEVELOPMENT GROUP, LLC,

15         Defendants.

16

17       This action was filed in August 2022.  No parties appeared for the initial case

18 management conference on May 11, 2023, which led to an order to show cause why this action

19 should not be dismissed for lack of prosecution (Dkt. No. 25).  That order set a response

20 deadline of June 1, 2023, which has come and gone without a response.  The order to show

21 cause also set a hearing for July 13, 2023.  At the scheduled time for that hearing on that date,

22 this action was called first.  Just like the initial case management conference, no party was

23 present.  The action was called again at the end of an hour of proceedings in the rest of the

24 calendar.  Again, no one was present.  The last activity from plaintiff is a letter dated February

25 9, 2023, providing an address for defendant Charles Dunn for service and stating that he was

26 "still researching addresses for the other two Defendants" (Dkt. No. 21).  No proof of service

27 has ever been filed.

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1    "It is within the inherent power of the court to sua sponte dismiss a case for lack of

2    prosecution." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (citing *Link v. Wabash R. Co.*,

3    370 U.S. 626, 639–30 (1962)).  In determining whether an action should be dismissed for lack

4    of prosecution, a district court is required to weigh several factors:  "(1) the public's interest in

5    expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

6    prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits

7    and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423

8    (9th Cir. 1986).  The first two factors weigh in favor of dismissal, as this action should not

9    linger on the docket particularly if plaintiff has not demonstrated any interest in pursuing it.

10   "District courts have inherent power to control their dockets and may impose sanctions,

11   including dismissal, in the exercise of that discretion." *Hernandez v. El Monte*, 138 F.3d 393,

12   398 (9th Cir. 1998) (quoting *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992)).  "The power

13   to invoke this sanction is necessary in order to prevent undue delays in the disposition of

14   pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S.

15   at 629–32.

16       The third factor slightly weighs in favor of dismissal:  while it appears no defendant has

17   been served, there is potentially mild prejudice to having an open action against them on the

18   public docket.

19       Likewise, the procedural posture of this action predetermines the final two factors to

20   weigh in favor of dismissal.  There is no opportunity to resolve this action on its merits nor

21   apply other sanctions if it is simply not being pursued.  Furthermore, this action is in its

22   infancy and dismissal shall be without prejudice, so the severity of such a sanction is

23   significantly mitigated in this context.  "In cases involving sua sponte dismissal of an action,

24   . . . there is a closer focus on these two considerations." *See Oliva*, 958 F.2d at 274 (citations

25   omitted).  As the foregoing record shows, plaintiff has been given plenty of warning and

26   opportunities to explain himself regarding this impending outcome.  This district court did

27   "warn the plaintiff of the possibility of dismissal before actually ordering dismissal." *Hamilton*

28   *Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1430 (9th Cir. 1990) (citing

*Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 (9th Cir. 1987)).  Our court of appeals has

explained:

> [Plaintiff] still failed either to appear at the . . . show cause hearing,
> to file papers of opposition, or to ask for rescheduling of the
> hearing.  On this record, it is difficult to comprehend what other
> measure would have caused [plaintiff] to act responsibly.
> Although Rule 41(b) dismissal is a drastic measure, it was
> appropriate in the face of such complete non-cooperation.

*W. Coast Theater Corp. v. Portland*, 897 F.2d 1519, 1524–25 (9th Cir. 1990).  So too here.

Ultimately, "[a] dismissal for lack of prosecution must be supported by a showing of

unreasonable delay."  *Henderson*, 779 F.2d at 1423 (citing *Nealey v. Transportacion Maritima*

*Mexicana, S. A.*, 662 F.2d 1275, 1280 (9th Cir. 1980)).  "Rule 4(m) provides for dismissal

without prejudice where the complaint is not served upon the defendant within [90] days of

filing."  *Hernandez*, 138 F.3d at 398 (citing FRCP 4(m)).  That rule "suggests that service . . .

is prima facie evidence of diligent prosecution."  *Ibid.*  No such showing is present here, as we

are approaching the one-year anniversary of the filing of this action without any evidence of

service.

In light of the foregoing, this action is hereby **DISMISSED WITHOUT PREJUDICE** pursuant

to FRCP 41(b).  The Clerk **SHALL CLOSE THE FILE**.

**IT IS SO ORDERED.**

Dated:  July 14, 2023.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
Northern District of California